UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WALLACE JAMES BEAULIEU,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>    Respondent. | Civil File No. 05-2059 (JMR/JSM)<br><br>**REPORT AND RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily denied pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.     BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility at Moose Lake, Minnesota. He is serving a 24-month prison sentence that was imposed on May 20, 2005, in the State District Court for Beltrami County, Minnesota. Petitioner was sentenced after a jury found him guilty of failing to register as a predatory sex offender, as required by Minnesota law. (Petition, [Docket No. 1], p. (2), ¶s 1-6.)

Petitioner has appealed his conviction and sentence to the Minnesota Court of Appeals, and his appeal is still pending before that Court. (Id., p. (3), ¶ 9.) Petitioner has

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

also applied to the State Court of Appeals for an expedited resolution of his appeal. (See Petitioner's "Petition for emergency Writ of Prohibition in accordance with rule 121;" [Docket No. 3].) That request for expedited resolution is also still pending at this time.

Even though Petitioner's criminal case is still pending before the Minnesota Court of Appeals, he has now filed a federal habeas corpus petition in which he challenges his conviction and sentence on two grounds. He claims that (1) the State of Minnesota "does not have the authority to enforce" the state sex offender registration statute against him because he is a Native American living on an Indian reservation; and (2) his present confinement "violates treaties made between [the] U.S. Government and the Minnesota Chippewa Tribal Government." (Petition, p. (5), ¶ 12.) The Court finds, however, that Petitioner's federal habeas corpus claims cannot be entertained at this time, because he has not yet exhausted his available state court remedies.

**II.   DISCUSSION**

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To exhaust his state court remedies, a prisoner must fairly present his claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

In this case, it is readily apparent that none of Petitioner's current claims for relief has ever been fairly presented to, or addressed by, either the Minnesota Court of Appeals or the Minnesota Supreme Court.  Indeed, the petition clearly shows that Petitioner is still challenging his conviction and sentence in the State Court of Appeals.  Because Petitioner has not yet given the Minnesota state appellate courts an opportunity to hear and decide his claims for relief, he has not satisfied the exhaustion of state court remedies requirement.[2]

### III. CONCLUSION

In sum, the Court finds that the instant petition cannot be entertained at this time, because Petitioner has not satisfied the exhaustion of state court remedies requirement. It will therefore be recommended that the present action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  It will be further recommended that the action be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to satisfy the exhaustion requirement.  Petitioner may return to federal court, if necessary, after the state courts – including the Minnesota Supreme Court – have reviewed, and decided the merits of, all of the claims that he seeks to present in federal court.  See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 2.)  That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief.

---

[2] The Court recognizes that Petitioner wants to have his claims reviewed and decided as quickly as possible.  However, he has not yet given the State Court of Appeals a reasonable opportunity to respond to his request for an expedited adjudication.  More importantly, Petitioner has not cited any legal authority suggesting that he can by-pass the statutory exhaustion requirement, and proceed directly to federal court, simply because he believes his claims can be resolved more speedily here.

See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED;

3. This action be summarily DISMISSED WITHOUT PREJUDICE.

DATED:    September 7, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 26, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.